UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

PHARMED GROUP HOLDINGS, INC., et al.,[1]

        Debtors,
_____/

CLEAR THINKING GROUP, LLC,
in the person of Joseph E. Myers, the Plan
Administrator for the bankruptcy estates of
PHARMED GROUP HOLDINGS, INC., *et al.*,

        Plaintiff,

vs.

KRANSON INDUSTRIES, INC.
D/B/A TRICORBRAUN,

        Defendant.
_____/

Case No. 07-19187-BKC-RAM
Chapter 11 Cases
(Jointly Administered)

**COMPLAINT TO AVOID TRANSFERS
PURSUANT TO 11 U.S.C. § 547 AND TO RECOVER
PROPERTY TRANSFERRED PURSUANT TO 11 U.S.C. § 550**

CLEAR THINKING GROUP, LLC, in the person of Joseph E. Myers, the Plan Administrator of Pharmed Group Holdings, Inc., *et al.* (the "Plaintiff' or the "Debtors"), pursuant to 11 U.S.C. §§ 547 and 550, sues Kranson Industries, Inc. d/b/a TricorBraun (the "Defendant") to avoid and recover preferential transfers, and in support thereof, alleges that:

---

[1] The last four digits of the taxpayer identification number for each of the Debtors follows in parentheses: (i) Pharmed Group Holdings, Inc. (7189); (ii) Pharmed International Corp. (7190); (iii) Pharmed Group Corp. (9655); (iv) Pharmed Services Corp. (5497); and (v) PAL Laboratories, Inc. (4731). The former address for all of the Debtors, except for PAL Laboratories, Inc., is 3075 N.W. 107th Avenue, Miami, FL 33172. The former address for PAL Laboratories, Inc. is 10400 N.W. 29th Terrace, Miami, FL 33172. Those properties have been sold, and all mail related to the Debtors should now be directed to Clear Thinking Group, LLC, c/o Joseph Myers, Plan Administrator, 401 Towne Centre Drive, Hillsborough, NJ 08844.

## NATURE OF THE CASE

1. By this Complaint, Plaintiff seeks to avoid and recover from Defendant, or from any other person or entity for whose benefit the transfers were made, all preferential transfers of property made for or on account of an antecedent debt and to or for the benefit of Defendant by one or more of the Debtors during the ninety-day period prior to the filing of the Debtors' bankruptcy petitions pursuant to 11 U.S.C. §§ 547 and 550. To the extent that Defendant has filed a proof of claim or has a claim listed on the Debtors' schedules as undisputed, liquidated, and not contingent, or has otherwise requested payment from the Debtors or the Debtors' chapter 11 estate, (collectively, the "Claims"), this Complaint is not intended to be, nor should it be construed as, a waiver of Plaintiff's right to object to such Claim(s) for any reason including, but not limited to, 11 U.S.C. § 502(a) through (j) ("Section 502"), and such rights are expressly reserved. Notwithstanding this reservation of rights, certain relief pursuant to Section 502 may be sought by Plaintiff.

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over this adversary proceeding, which arises under or relates to cases under title 11, in the United States Bankruptcy Court for the Southern District of Florida, Case No. 07-19187-BKC-RAM, pursuant to 28 U.S.C. §§ 157 and 1334(b).

3. The claims and causes of action set forth herein concern the determination, allowance, disallowance, and amount of claims under 11 U.S.C. §§ 547, and 550. This adversary proceeding is a "core" proceeding to be heard and determined by the Bankruptcy Court pursuant to 28 U.S.C. § 157(b)(2)((F).

4. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1409.

**BACKGROUND**

5.    The bankruptcy case of each of the Debtors were commenced on October 26, 2007 (the "Petition Date") when the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101-1532. .

6.    Plaintiff, in the person of Joseph E. Myers, is the Plan Administrator for the bankruptcy estates of Pharmed Group Holdings, Inc., *et al.*

7.    Defendant is a corporation organized under the laws of the State of Missouri.

8.    Prior to the Petition Date, one or more of the Debtors made payments to the Defendant totaling $57,594.82. A letter was sent on September 11, 2009 to the Defendant demanding the return of the preferential payments.

**CLAIMS FOR RELIEF**

**COUNT 1**

**(Avoidance of Preference Transfers - 11 U.S.C. § 547)**

9.    Plaintiff incorporates each and every allegation contained in paragraphs 1 through 8 above as if fully set forth herein.

10.    On or within 90 days before the Petition Date, that is, between July 26, 2007 and October 26, 2007 (the "Preference Period"), the Debtors continued to operate their business affairs, including the transfer of property, either by checks, cashier checks, wire transfers or otherwise to certain entities, including Defendant.

11.    Plaintiff has completed an analysis of all readily available information of the Debtors and is seeking to avoid all the transfers of an interest of the Debtors' property made by one or more of the Debtors to Defendant within the Preference Period.

12.    Plaintiff has determined that one or more of the Debtors made transfers to Defendant during the Preference Period in an amount not less than $57,594.82 (the "Transfers").

13. During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to Defendant during the Preference Period. It is Plaintiff's intention to avoid and recover all transfers made by one or more of the Debtors of an interest of the Debtors in property and to or for the benefit of Defendant or any other transferee. Plaintiff reserves its right to amend this Complaint to include: (i) further information regarding the Transfers, (ii) additional Transfers, (iii) modifications of and/or revision to Defendant's name, (iv) and/or additional defendants, (collectively, the "Amendments"), that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the amendments to relate back to this original Complaint.

14. Defendant was a creditor of one or more of the Debtors at the time of the Transfers within the meaning of 11 U.S.C. § 101(10)(A). At the time of the Transfers, Defendant had a right to payment on account of an obligation owed to Defendant by one or more of the Debtors.

15. The Transfers were to or for the benefit of a creditor within the meaning of 11 U.S.C. § 547(b)(1) because the Transfers either reduced or fully satisfied a debt then owed by one or more of the Debtors to Defendant.

16. The Transfers were for, or on account of, antecedent debts owed by one or more of the Debtors before the Transfers were made.

17. The Transfers constituted a transfer of an interest of the property of one or more of the Debtors.

18. The Debtors were insolvent at all times during the 90 days prior to the Petition Date.

19. As a result of the Transfers, Defendant received more than it would have received if: (i) the Debtors' cases were under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) Defendant received payment of its claims under the provisions of the Bankruptcy Code.

20. In accordance with the foregoing, the Transfers are avoidable pursuant to 11 U.S.C. § 547(b).

## COUNT II

### (Recovery of Avoided Transfers - 11 U.S.C. § 550)

21. Plaintiff hereby incorporates the allegations in paragraphs 1 through 20 as if fully re-alleged herein.

22. Plaintiff is entitled to avoid the Transfers pursuant to 11 U.S.C. § 547(b).

23. Defendant was the initial transferee of the Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Transfers were made.

24. Pursuant to 11 U.S.C. § 550(a), Plaintiff is entitled to recover the Transfers from Defendant, plus interest thereon to the date of payment and the costs of this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court grant it the following relief against Defendant:

As to Counts I and II, that the Court enter a judgment against Defendant:

A. That the Transfers avoidable under 11 U.S.C. §547 in the amount of $57,594.82 be avoided;

B. That the Transfers, to the extent that they are avoided pursuant to 11 U.S.C. §547, be recovered by Plaintiff pursuant to 11 U.S.C. §550;

    C.      Awarding pre-judgment interest at the maximum legal rate running from the date of each Transfer to the date of judgment herein;

    D.      Granting Plaintiff such other and further relief as the Court deems just and proper.

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualification to practice in this Court set forth in Local Rule 2090-1(A).

Dated: October 23, 2009

Respectfully submitted,

BERGER SINGERMAN, P.A.
Attorneys for Plaintiff
200 S. Biscayne Blvd., 10th Floor
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340

By: __/s/ Kristopher Aungst_____
     Kristopher Aungst
     Florida Bar No. 55348
     kaungst@bergersingerman.com

2401786-1